# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

RAYMOND GLASS,         )
         )
    Petitioner,         )
         )
    v.         )    No. 4:11 CV 1806 DDN
         )
JAMES HURLEY,         )
         )
    Respondent.         )

## MEMORANDUM

Before the court is the petition of Missouri state prisoner Raymond Glass for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of plenary authority by the undersigned Magistrate Judge under 28 U.S.C. § 636(c). After reviewing the case, the court has determined that petitioner is not entitled to relief.

## Background

The Missouri Court of Appeals described the facts proven at trial. On the morning of August 3, 2003, petitioner Raymond Glass broke into Janet Gilda's truck and stole her purse. Gilda and her husband had parked in front of the Zeiser Dodge automobile dealership where they had gone to look at a vehicle to buy. The break-in was recorded by digital surveillance cameras. Several police officers and an employee of the dealership viewed the footage from the camera. At least three of the police officers recognized and identified petitioner from the footage. Petitioner was arrested on August 18, 2003, and he was subsequently charged with one count of felony stealing. A jury trial was conducted in May 2004, and the jury found petitioner guilty. The court sentenced petitioner as a prior and persistent offender to imprisonment for fifteen years. Petitioner appealed. See Resp. Ex. D, Memorandum Supplementing Order at 2-3.

On direct appeal, petitioner argued that the trial court erred in overruling his objections to the introduction of evidence of his prior crimes and in admitting the testimony of the police officers concerning the contents of the security footage because their testimony violated the best evidence rule. The court denied relief on both points. Id. at 3-6.

Petitioner filed a timely pro se motion for postconviction relief. Resp. Ex. E at 5. Appointed counsel filed an amended motion, which superseded the pro se motion. See Resp. Ex. E at 17; Norville v. State, 83 S.W.3d 112, 114 (Mo. Ct. App. 2002) (amended motion supersedes pro se motion). In the amended motion, petitioner raised the following grounds for relief: (1) that his trial counsel rendered constitutionally ineffective assistance (a) for failing to produce two alibi witnesses, Ms. Barbara Portwood and Ms. Linda Portwood, who would have testified that he was with them at the MidRivers Shopping Mall on the morning the crime occurred;

(b) for failing to object to a verdict director jury instruction for stealing that omitted the fourth element of the offense, i.e., that the item stolen was a credit card; and (c) for failing to make the legally appropriate objection to the introduction of testimony identifying him as the offender based solely on the witnesses' review of videotapes and for failing to preserve the issue for appeal; and (2) that his appellate counsel rendered constitutionally ineffective assistance for failing to raise on appeal the omission from the verdict director instruction that the item stolen was a credit card. Resp. Ex. E at 19.

The Circuit Court held an evidentiary hearing at which petitioner's alleged alibi witnesses testified, as did his two trial attorneys. Id. at 30, 33. Barbara Portwood testified that she had been involved with petitioner in a long-term intimate relationship. Id. at 30. She testified that petitioner drove her and her sister, Linda, to the MidRivers Mall, which is near the Zeiser Dodge automobile dealership, to shop during the morning of August 3, 2003. Id. The court also heard testimony from Linda Portwood. Id. The court found that Linda's testimony was inconsistent in many respects with Barbara's. Id. But the court found that both sisters' testimony placed petitioner near the crime scene on the morning of August 3, 2003. Id.

Kristy Ridings, Esq., one of petitioner's trial attorneys, testified that she discussed this issue with petitioner before trial and that he had agreed with her not to call the Portwood alibi witnesses. Id. at 33. The Circuit Court analyzed this issue under the Strickland[1] two-prong test and found this to be reasonable trial strategy, because the witnesses' testimony placed petitioner in the area of the crime scene on the morning in question. Id. The court noted that "[s]trategic choices made after investigation and discussion are virtually unchallengeable." Id. The court further found that petitioner had failed to allege any facts showing that he was prejudiced by this choice of tactic. Id. As a result, the Circuit Court denied relief on this claim. Id.

Petitioner next alleged that his defense counsel failed to object that the verdict director instruction to be read to the jury failed to include a paragraph included in the Missouri Approved Instructions--Criminal.

The legal and factual context of this claim are important to petitioner's claim and the rulings by the Missouri courts. Petitioner was charged by information, filed on November 7, 2003, with the Class C felony offense of stealing, in violation of Revised Statutes of Missouri § 570.030. (Resp. Ex. A at 1, 5-6.) For relevant crimes committed in August 2003, § 570.030 defines a Class C felony as involving *among other alternative facts (several relating to the value of the property stolen)* a stolen credit card (without further qualification related to value of the property stolen). V.A.M.S. § 570.030.3(3)(c) (S.B. 5 (2003)). For use in criminal trials in Missouri courts, the applicable verdict director instruction, Missouri Approved Instructions--Criminal, § 324.02.1, stated:

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

> If you find and believe from the evidence beyond a reasonable doubt:
> > First, that [on the alleged date], in [the alleged geographical area] the defendant [took] **[the alleged property]** [owned by the alleged victim], and
> > Second, that defendant did so without the consent of [name of victim], and
> > Third, that defendant did so for the purpose of [selected specification of criminal intent], and
> > Fourth, that the property [stolen] was any credit card [(selected from the statutory list)], then you will find the defendant guilty [under the applicable count] of stealing.
> > However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

MAI--Cr 2d. 324.02.1 (2003) (bolding added).

Missouri state courts in criminal cases are required to use the pattern instructions in the Missouri Approved Instructions--Criminal (MAI--CR), if MAI--CR includes an instruction relevant to the case. In this regard, Missouri Supreme Court Rule 28.02(c) states:

> **MAI-CR Excludes Use of Other Forms.** Whenever there is an MAI-CR instruction . . . applicable under the law and Notes On Use, the MAI-CR instruction . . . shall be given or used to the exclusion of any other instruction . . . .

Rule 28.02(f) states:

> **Violation of Rule--Effect.** The giving or failure to give an instruction . . . in violation of this Rule 28.02 or any applicable Notes On Use shall constitute error, the error's prejudicial effect to be judicially determined, provided that objection has been timely made pursuant to Rule 28.03.

In petitioner Raymond Glass's case, the trial judge read the following verdict directing instruction to the jury:

> If you find and believe from the evidence beyond a reasonable doubt:
> First, that on or about August 3, 2003, in the County of St. Charles, State of Missouri, the defendant took
> Second, that defendant did so without the consent of Janet Gilda, and
> Third, that defendant did so for the purpose of withholding it from the owner permanently,
> then you will find the defendant guilty of felony stealing.
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

Resp. Ex. A at 31. The instruction read to the jury did not include paragraph Fourth from the pattern instruction.

After considering petitioner's ground for relief, the Circuit Court concluded that petitioner was not prejudiced by this failure to use MAI--CR2d. 324.02.1 verbatim, because the outcome of the trial would not have been changed if counsel had made the objection. This was because the missing fourth paragraph "merely restate[d] the property that ha[d] already been described in the first line of the instruction." Resp. Ex. E at 33.

The court found "no reasonable probability that the jury could have been confused by the missing fourth element." Id.

Petitioner also alleged that his trial defense counsel failed to make a legally appropriate objection to the introduction of testimony identifying him as the offender (based solely on the witnesses' review the videotapes) and for failing to preserve the issue for appeal. The Circuit Court found that counsel cannot be found to have rendered ineffective assistance, because any objection would have been meritless. The court stated that the best evidence rule did not make the testimony inadmissible and that a trial court has wide discretion in determining the admissibility of the evidence. The court stated that the testimony was, in fact, admissible, and therefore, petitioner's challenge was meritless. Id. at 34.

The Circuit Court rejected petitioner's final claim, that his appellate counsel rendered ineffective assistance for not raising on appeal the omission of the fourth element of the crime in the verdict director instruction. The court again concluded that petitioner was not prejudiced by the missing element. Id. at 35.

Accordingly, the Circuit Court denied relief. Id. Petitioner raised on appeal the denial of relief on all these claims. Resp. Ex. I at 1-2.

The Missouri Court of Appeals reviewed the Circuit Court's findings of fact and conclusions of law for clear error. Id. at 2. The court analyzed the alleged alibi witnesses' testimony from the evidentiary hearing and found, like the Circuit Court, that the witnesses would not have provided a solid alibi for petitioner and, therefore, that it was a reasonable trial strategy for trial counsel not to have called them to testify. Id. at 3-5. The court examined petitioner's claims under the Strickland standard and found the Circuit Court's rulings were not clearly erroneous. Id. at 4-5. As a result, the court denied relief on this claim. Id. at 5.

The Missouri Court of Appeals also rejected petitioner's claim that counsel rendered ineffective assistance for failing to object to the verdict director instruction. Id. The court again applied the Strickland analysis and found that petitioner had failed to show that the result of the trial would have been different if his counsel had objected to the verdict director instruction. Id. at 8.

The state appellate court also rejected petitioner's claim that his appellate counsel was ineffective for failing to raise on appeal the omission of the fourth element in the verdict director instruction. Id. The court again found that petitioner had failed to demonstrate the prejudice prong of Strickland and, therefore, denied relief. Id. at 8-10.

**Federal Grounds for Relief**

Thereafter, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging the following:

1. Trial counsel rendered constitutionally ineffective assistance for failing to call Barbara and Linda Portwood to testify as alibi witnesses.

2. The state failed to prove the value of the stolen property under Mo. Rev. Stat. § 570.020.

3. Trial counsel rendered constitutionally ineffective assistance for failing to object to the verdict director for stealing, which omitted the fourth element of the offense, that the item stolen was a credit card.

4. Appellate counsel rendered constitutionally ineffective assistance for failing to raise on appeal the omission of the fourth element of the crime in the verdict director instruction.

5. The trial court erred in allowing the testimony of the police officers because such testimony violated the best evidence rule.[2]

## Standard

"In the habeas setting, a federal court is bound by the [Antiterrorism and Effective Death Penalty Act (AEDPA)] to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief under 28 U.S.C. § 2254 to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings are not supported by the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

## Discussion

1. <u>Defense counsel failed to call Barbara and Linda Portwood to testify as alibi witnesses</u>

In his first ground for relief, petitioner alleges that his trial counsel rendered constitutionally ineffective assistance for failing to call Barbara and Linda Portwood to testify as alibi witnesses. Respondent argues that

---

[2]Grounds four and five were added to the petition by addendum on June 26, 2012, which this Court allowed by order.

the Missouri courts' decisions were neither contrary to nor an unreasonable application of United States Supreme Court precedent, and therefore, petitioner's first ground for relief should be denied.

To prevail on an ineffective assistance of counsel claim, petitioner must first establish that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland, 466 U.S. at 694, 700. Judicial scrutiny of counsel's performance is "highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

In Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987), the United States Court of Appeals for the Eighth Circuit stated that "the courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed . . . and his best judgment as to the attitudes and sympathies of the judge and jury." Furthermore, "[t]he fact that the choice made later proves to have been unsound does not require a finding of ineffectiveness." Id. "[I]t is not enough to complain after the fact . . . when in fact the strategy at trial may have been reasonable in the face of an unfavorable case." Id. (citing Strickland, 466 U.S. at 690); see also Shaw v. United States, 24 F.3d 1040, 1042 (8th Cir. 1994) (trial counsel's reasonable trial strategies cannot constitute ineffective assistance because they were unsuccessful); Henderson v. Norris, 118 F.3d 1283, 1287-88 (8th Cir. 1997) (matters of trial strategy are presumed correct), cert denied, 522 U.S. 1129 (1998).

Even if petitioner shows that his trial counsel's performance was objectively unreasonable, he must also show that the deficient performance prejudiced his defense. Winfield v. Roper, 460 F.3d 1026, 1033 (8th Cir. 2006). "This requires proving that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been more favorable to [petitioner]." Id. "A reasonable probability is one 'sufficient to undermine confidence in the outcome.'" Id. (citing Wiggins v. Smith, 539 U.S. 510, 534 (2003)). "Merely showing a conceivable effect is not enough. [Petitioner] must demonstrate that there is a reasonable probability that absent counsel's inadequate representation, the jury would not have [convicted him]." Id.

The constitutional standard set forth in Strickland, while it is the standard the Missouri courts must apply in the first instance, is not strictly speaking the standard this court must apply in a § 2254 habeas case. Rather, petitioner "must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance [by the federal habeas court], because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [state appellate court] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 698-99 (2002); Underdahl v. Carlson, 381 F.3d 740, 742 (8th Cir. 2004) (internal citation omitted).

Having reviewed the Missouri appellate court's determination of petitioner's claim for relief, this court concludes that petitioner cannot show that the Missouri court applied Strickland to his claim in an objectively unreasonable manner. The appellate court reviewed the evidence from the evidentiary hearing, stating:

> At the evidentiary hearing, Barbara Portwood testified she recalled Movant accompanying her and her sister to Mid-Rivers Mall on the day of the crime. She stated they left early to get there when the stores opened and did not leave until 3:00 or 4:00 p.m. Linda Portwood testified that she remembered Movant accompanying them to the mall, but admitted she could not recall the exact date because it had been so long. She stated she thought that they started out around 10:00 a.m. that morning.
>
> Movant's trial counsel, Christy Ridings testified she had been aware of Barbara Portwood as a possible witness. Ridings identified a letter from the file from Movant where he explained Barbara Portwood had a charge statement from Mid-Rivers Mall on the day of the crime. Ridings testified that although she made efforts, Barbara Portwood was "next to impossible to get a hold of." Ridings also stated she recalled Barbara Portwood as being noncooperative and not wanting to get involved. Ridings testified that she and Movant discussed the alibi and decided together that it was not the strongest alibi and it placed him in the area of the crime. Ridings did not recall being aware of Linda Portwood.

Resp. Ex. I, Memorandum Supplementing Order at 3-4.

The appellate court agreed with the Circuit Court that Barbara and Linda Portwood's testimony would have placed petitioner near the scene of the crime at the time it was committed. Therefore, it was reasonable trial strategy not to call them as witnesses. Id. at 5. The court also found that petitioner's claim that trial counsel did not talk to Barbara Portwood before trial was without merit. Id.

Upon review, this court concludes that petitioner has failed to show that the Missouri Court of Appeal's decision was an objectively unreasonable application of Strickland. The Missouri courts applied the correct legal standard reasonably to the facts of the case.

As a result, petitioner is not entitled to relief on Ground One of the petition.

2. **The state failed to prove the value of the stolen property under Mo. Rev. Stat. § 570.020**

In his second ground for relief, petitioner argues that the state failed to prove the value of the stolen property under Mo. Rev. Stat. § 570.020. Respondent argues, first, that this ground is procedurally barred and, second, that this ground is meritless because Missouri law provides that theft of a credit card is a felony without proof of value.

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir.

2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. Id. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

Petitioner did not present this ground to the Missouri Court of Appeals on either direct review or on postconviction motion review. And petitioner has not alleged either cause or prejudice for the default. As a result, Ground Two is procedurally barred from consideration by this court.

Furthermore, respondent is correct that theft of a credit card is a felony without proof of value. See Mo. Rev. Stat. § 570.030.3(3)(c).

Accordingly, petitioner's Ground Two is without merit.

3.  **Trial counsel rendered constitutionally ineffective assistance for failing to object to the verdict director instruction for stealing, which omitted the fourth element identifying that the item stolen was a credit card**

In his third ground for federal habeas relief, petitioner contends that his trial counsel was ineffective for failing to object to the verdict director instruction for stealing, because it omitted the fourth element of the required pattern instruction that the item stolen was a credit card. Respondent maintains that petitioner is not entitled to relief on this ground.

Both the Circuit Court and the Missouri Court of Appeals rejected this claim for relief for the same reason. The first element in the verdict director instruction read to the jury stated that the jury must find that, "First, that on or about August 3, 2003, in the County of St. Charles, State of Missouri, the defendant took a credit card, property owned by Janet Gilda . . ." Resp. Ex. I at 6 (emphasis added). Both courts found that repeating in the Fourth element that the property stolen was a credit card was unnecessary and that petitioner could not show that he was prejudiced by the omission of the Fourth element of the pattern instruction.

Upon review, this court finds that the Missouri Court of Appeals' decision was not an unreasonable application of Strickland. Defense counsel's failure to object to the failure of the trial court to include the Fourth element of the pattern instruction was not a professionally deficient act. And, if it was somehow deficient, petitioner was not prejudiced by the omission, because there is no reasonable likelihood that if the instruction had been otherwise the outcome would have been different.

Ground Three is without merit.

4. <u>Appellate counsel rendered ineffective assistance for failing to raise on appeal the omission of the fourth element of the pattern verdict director instruction</u>

In his fourth ground for relief, petitioner argues that his appellate counsel rendered constitutionally ineffective assistance for failing to raise on appeal the omission of the fourth element of the pattern verdict director instruction.

The Missouri Court of Appeals noted, "[here], the . . . error was not properly preserved for appellate review, in that trial counsel did not object to the instruction. An attorney will not be found ineffective for failing to raise an unpreserved error on appeal." Resp. Ex. I at 9. The court also found that petitioner could not have shown prejudice as a result of the missing element, and therefore, petitioner was not entitled to relief. <u>Id.</u>

The Missouri Court of Appeals decision was not an unreasonable application of <u>Strickland</u>. Appellate counsel could not have rendered ineffective assistance for failing to raise an unpreserved error, and petitioner did not demonstrate prejudice.

Ground Four is without merit.

5. <u>The trial court erred in allowing the testimony of the police officers because such testimony violated the best evidence rule</u>

In Ground Five of his federal petition, petitioner contends that the trial court erred in allowing the testimony of the police officers because their testimony violated the best evidence rule.

Whether evidence was admissible under Missouri's evidence rules does not create a federal constitutional issue that is cognizable under this court's limited habeas corpus jurisdiction. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991). Therefore, this contention is not cognizable in these proceedings.

Petitioner is not entitled to relief on Ground Five of the petition.

**Conclusion**

For these reasons, the petition of Raymond Glass for federal habeas corpus relief and this action are dismissed.

Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (internal citation omitted). Thus, the court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

An appropriate Judgment Order is issued herewith.


    /s/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

**Signed on February 12, 2013.**